FENWICK FREEMAN *et al.*, Appellants, *v.* WILLIAM ROLLINS, Respondent.

1. *Attachment— Order of publication, may be issued on affidavit at time of issuing writ.*— In attachment suits courts have power to award orders of publication, on affidavit at the same term during which the suit was commenced. (R. C. 1855, ch. 128, § 13; Wagn. Stat. 1008, § 13.)

*Appeal from Third District Court.*

*Ewing & Smith*, and *Baker & Ellis*, for appellants.

*J. F. Hardin*, for respondent.

CURRIER, Judge, delivered the opinion of the court.

This is a suit in ejectment, and involves the validity of an order for publication of notice in a cause wherein the disputed premises were attached on *mesne* process, and subsequently sold under the execution issued upon the judgment therein rendered.    The plaintiffs contest the title acquired under the sale on the ground that the judgment was rendered in pursuance of an unauthorized publication of notice to the defendant in that suit.

The attachment suit was commenced during a session of the Polk County Circuit Court; the court, at the same session, awarding an order of publication founded upon an affidavit showing that the defendant therein was a non-resident.    The plaintiffs insist that this action of the court granting the order of publication was wholly without authority, and therefore void; and that the court could alone grant such order at the return term of the writ.    This position is supposed to be sustained by the provisions of section 23, chapter 12, of the Revised Statutes of 1855, which were in force at the time the order was granted.

The statute referred to provides for orders of publication in two classes of cases—one where the order is founded on the affidavit showing certain facts ; and the other where the order is founded upon the non-appearance of the defendant at the return term of the writ, his property having been attached, and it appearing that he could not be found.    In this latter class of cases no

affidavit is required, and according to the construction of the plaintiffs it is only in this class of cases that the court is authorized to order publication of notice—the clerk of the court alone, according to this view, being authorized to make the order where it is founded upon an affidavit. The result of this interpretation would be that, where the order is founded on an affidavit it could not be awarded in term time at all; for the clerk has no authority whatever in the premises, except in the vacations of the court. However this view of the provision in question may accord with the grammatical construction of the section, it evidently does not express the intention of the legislature in enacting it. The authority of the clerk, in granting orders, is limited to the vacations of the court, upon the theory and evident supposition that the court, when in session, would have full control and jurisdiction of the subject, and so it must have been intended; and this accords with the general scope of the statute and the nature of the subject legislated upon.

If that is not the true construction, then there is no provision in the attachment act for granting orders of publication, founded on affidavits in attachment suits, during the terms of the court, and the practice act must be resorted to to supply the deficiencies of the former act. The attachment act (R. C. 1855, § 64) provides that, in all cases not therein specially provided for, the proceedings in attachment suits shall conform to and be governed by the law regulating the practice in courts of justice in civil causes; and section thirteen, article five, of the practice act (R. C. 1855, ch. 128, § 13) expressly provides that where the required affidavit is filed, the court shall make the order. This clears the subject of all doubt.

In the General Statutes these various sections, and others bearing upon the same general subject, are combined and condensed into one comprehensive section. (Gen. Stat. 1865, p. 655, § 13.) The law, however, so far as it embraces the subject of the present discussion, was not thereby changed. The section combines and re-enacts what was previously the law, existing in detached sections and under different heads.

At the trial in the Circuit Court, the plaintiffs asked instruc-

tions declaring the law in accordance with their view of it, as already explained, which the court refused. This action of the court is the only matter complained of as erroneous; and as the complaint is not well founded, the District Court committed no error in affirming the judgment of the Circuit Court, and the judgment of the District Court is consequently affirmed. The other judges con